UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDDIE HACKLER, Next Friend on behalf of his minor son J.H., <br><br> Plaintiff, <br> vs. <br><br> DISTRICT OF COLUMBIA CVS PHARMACY, L.L.C., <br> Serve: CT Corporation System, Registered Agent <br>   1015 15th St Northwest, <br>   Washington, District of Columbia 20005 <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT

### THE PARTIES

1. Plaintiff J.H (hereinafter "Plaintiff" or "J.H."). is a citizen of the Commonwealth of Virginia was born **/**/2005.

2. Pursuant to Fed. Civ. Pro. R. 17(c) Eddie Hackler ("Eddie"), is the biological father of Plaintiff, therefore qualifies as Plaintiff's next friend.

3. District of Columbia CVS Pharmacy, L.L.C. ("CVS") is the Defendant in this matter with locations within the District of Columbia.

4. The CVS location relevant to this Complaint is doing business as CVS/pharmacy #10685 located at 655 K Street, NW, Unit #B-1, Washington DC 20001 (hereinafter the "Store").

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S. Code §1331 because this matter arises under the laws of the United States.

6.       Venue is proper in this District pursuant to 28 U.S. Code §1391 because Defendant has stores located within the District of Columbia, namely the Store, which is the subject of this dispute.

## STATEMENT OF FACTS

7.       Based on information and belief, on March 18, 2017, Plaintiff J.H. was told by Eddie to enter the Store alone to purchase a few items while he placed a parking receipt in his vehicle.

8.       Upon entry into the Store, Justin was stopped by a CVS manager.

9.       The CVS manager informed Justin that he was not allowed to patron the store without an adult present.

10.      Justin waited for his father to arrive and informed him about the Store's Policy.

11.      Eddie engaged a different CVS employee to inquire about the policy.

12.      This CVS employee explained to Eddie that due to recent raids of the Store, groups of children are not allowed to patron the Store without an adult present.

13.      During that conversation, Eddie asked whether the Store's policy was specific to black children or all children.

14.      The Store employee responded that the recent looting was performed by groups of black children.

## COUNT I:
## VIOLATION OF 42 U.S. CODE §1981 – Equal Rights Under the Law

15.      This Count re-alleges and incorporates by reference all of the preceding paragraphs.

16.      Plaintiff is an African American male and is therefore part of a protected class.

17.      Plaintiff sought to enter into a contractual relationship with the defendants by entering their store with the purpose of making a purchase.

18. Plaintiff met the defendant's requirements to pay for and receive goods available for sale within the Store.

19. Plaintiff was denied, by an employee of CVS, the opportunity to shop and make a purchase at the Store.

20. As a result of the Defendant's discriminatory actions, Plaintiff suffered injuries including, but not limited to, loss of equal protection of his rights under the law.

## DEMAND FOR JURY

A Jury is demanded by the Plaintiff to adjudicate the factual issues in this and any subsequent amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award Plaintiff compensatory damages in an amount to be determined at trial;

(2) Grant Plaintiff an award of litigation costs reasonably incurred in this action;

(3) Grant Plaintiff such other and further relief which the Court deems proper.

Dated: July 19, 2017                                               Andrew O. Clarke
                                                                   Counsel for Plaintiff

 /s/ Andrew O. Clarke
Andrew O. Clarke, Esquire
DC BAR NO # 1032649
ANDREW CLARKE LAW, PLLC
1712 I STREET, NW, SUITE 915
WASHINGTON, DC, 20006
Telephone: (202)780-9144
a.clarke@aclarkelaw.com
*Counsel for Plaintiff*